FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTTY D. BROWN,<br><br>        Petitioner,<br><br>vs.<br><br>KAREN ARNOLD,<br><br>        Respondent. | No. 2:25-cv-00444-MKD<br><br>ORDER DISMISSING ACTION |

By Order filed December 9, 2025, the Court directed Petitioner, an individual incarcerated at the Stafford Creek Correction Center in Aberdeen, Washington, to show cause why his petition for writ of habeas corpus should not be dismissed as time-barred under 28 U.S.C. § 2244(d). ECF No. 4. Petitioner has paid the $5 filing fee. Respondent has not been served.

ORDER -- 1

1    On January 12, 2026, the Court extended the deadline to show cause until
2 February 11, 2026.  ECF No. 6.  On February 12, 2026, the Court received
3 Petitioner's "Motion to Show Cause," which is construed as Petitioner's Response to
4 the Order to Show Cause.  ECF No. 7.  After careful review of his submissions, the
5 Court finds that Petitioner has failed to demonstrate that his federal habeas corpus
6 petition challenging his 2011 conviction was timely filed.
7    Petitioner argues that he was "effectively denied his right to direct review[.]"
8 ECF No. 7 at 1.  He asserts that his attorney failed to inform him of the time to file a
9 Notice of Appeal.  *Id.* at 1-2.  Although Petitioner contends that he "exercised due
10 diligence within his scope of knowledge and ability[,]" he has provided no facts
11 from which the Court could infer the exercise of due diligence since his conviction
12 and sentence in 2011.  He asks the Court for "the opportunity to file a direct appeal
13 in State Court, before proceeding further, this [sic] allowing legitimate exhaustion of
14 state remedies as required."  *Id.* at 2-3.
15    As attachments, Petitioner includes a letter written while he was incarcerated
16 in Texas on January 13, 2012, addressed to an Okanogan County Superior Court
17 judge, and filed on January 23, 2012, asserting his desire to appeal.  *Id.* at 5.  On
18 May 17, 2012, the Bailiff of that Court directed the Deputy Prosecutor and an
19 attorney to reply to the letter.  *Id.* at 6.  Petitioner presents no facts indicating he
20 pursued the matter further in 2012.

ORDER -- 2

Petitioner includes a declaration of his attorney dated June 14, 2011, indicating Petitioner entered a plea of guilty in April 2011, based on inaccurate assurances from counsel that his sentence would run concurrently with a federal sentence. *Id.* at 8. Petitioner does not state what additional steps he took to perfect a direct appeal or to obtain timely state collateral review. Petitioner was clearly aware of the consecutive nature of his sentence when it was imposed in 2011.

A lack of legal sophistication, a lack of legal training, a lack of legal assistance, and ignore of the law do not constitute an "extraordinary circumstance" entitling Petitioner to any equitable tolling of the limitation period. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period).

Accordingly, **IT IS ORDERED**:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED with prejudice** as time barred under 28 U.S.C. § 2244(d).

2. The Court certifies that any appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

ORDER -- 3

**IT IS SO ORDERED**. The Clerk's Office shall file this Order, enter judgment, provide a copy to Petitioner, and **CLOSE THE FILE**.

DATED February 13, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER -- 4